■ In the Matter of ANNA FINK et al., Respondents, v ALDONA RYGELIS, Appellant. [622 NYS2d 56] —In a nonpayment proceeding, the tenant appeals, by permission, as limited by her brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 10, 1992, as, upon affirming an order of the Civil Court of the City of New York, Kings County (Scott, J.), dated April 25, 1991, held that its determination was "without prejudice to the commencement of a new proceeding should petitioners be so advised, to litigate the issues of tenant's coverage under the Loft Law and petitioners' entitlement to rent."

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the provision which permits the petitioners to commence a new proceeding is deleted.

Contrary to the determination of the Appellate Term, under the particular circumstances of this case, the issue of whether the tenant's loft was a covered unit qualifying her for protection under the Loft Law *(see,* Multiple Dwelling Law § 7-C)

was fully and properly litigated in the Civil Court. In light of the petitioners' admission that they did not comply with the owner obligations set forth in Multiple Dwelling Law § 284 (1) (i), there were no material issues of fact, and the Civil Court properly granted summary judgment dismissing the petition (see, Multiple Dwelling Law § 285).

Further, the Appellate Term had no authority to review the Loft Board's subsequent determination that the petitioners were collaterally estopped from relitigating the issue of coverage. The determination of the Loft Board was not the subject of a proceeding pursuant to CPLR article 78, and the propriety of that determination was not before the Appellate Term on appeal (see, CPLR 5501, 5515). Consequently, there was no basis for holding that its affirmance of the order of the Civil Court was without prejudice to the commencement of a new proceeding. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.